IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03279-PAB

IN RE

MARK S. MILLER and
JAMILEH MILLER,

       Plaintiffs/Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY and
SALLY J. ZEMAN, Trustee,

       Defendants/Appellees.

---

## ORDER

---

       This is an appeal by Mark S. Miller and Jamileh Miller from (1) the May 2, 2012 order [Docket No. 8-1 at 43-48] of the United States Bankruptcy Court for the District of Colorado (the "bankruptcy court") denying appellants' motion to disqualify attorney Susan Hendrick from representing appellee Deutsche Bank National Trust Company ("Deutsche Bank"); (2) the bankruptcy court's May 2, 2012 order [Docket No. 8-1 at 49-52] denying appellants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to vacate the evidentiary hearing on Deutsche Bank's motion for relief from the automatic stay; (3) the bankruptcy court's July 18, 2012 order [Docket No. 8-2 at 28-63] granting Deutsche Bank's motion for a protective order; (4) the bankruptcy court's December 4, 2012 order [Docket No. 8-2 at 216-19] denying appellants' motion for summary judgment; and (5) the bankruptcy court's December 4, 2012 order [Docket No. 8-2 at

220-247] granting Deutsche Bank relief from the automatic stay.  Docket No. 13 at 22-

39.  The Court's jurisdiction is based on 28 U.S.C. § 158(a).[1]  In light of plaintiffs' pro se

status, the Court construes their filings liberally.  *See Haines v. Kerner*, 404 U.S. 519,

520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

## I.  BACKGROUND

On a previous appeal of this matter, the Tenth Circuit set forth the following

relevant facts.

> On April 20, 2006, the Millers executed a promissory note (Note) in the
> amount of $216,236 in favor of IndyMac Bank, F.S.B. (IndyMac).[2]  The Note
> was secured by a Deed of Trust assigning a security interest in the Millers'
> Colorado home to the public trustee of Arapahoe County and creating a
> power of sale in the public trustee. . . . It further provided that "[t]he Note . . .
> (together with this Security Instrument) can be sold one or more times
> without prior notice to Borrower." . . .
>
> **1.  State Court Proceedings**
> The Millers failed to make the required payments on the Note.  In February
> 2010, Deutsche Bank, claiming to be the current holder of the Note, filed a
> foreclosure action in the Arapahoe County, Colorado District Court and
> sought an [Order Authorizing Sale ("OAS")] under Colorado Rule of Civil
> Procedure 120 [("Rule 120")].[3]
>
> On May 4, 2010, the Millers filed their "Motion for Hearing on Jurisdiction" in
> the Rule 120 proceeding.  The Millers argued that Deutsche Bank lacked
> standing to seek an OAS. . . .

---

[1] After reviewing the parties' submissions, the Court has determined that oral
argument is not necessary to the resolution of this appeal.

[2] At the bankruptcy hearing, plaintiffs testified that they did not recall signing this
note.  *See infra* at 19.

[3] Deutsche Bank applied for the OAS in the name of "Deutsche Bank National
Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR13,
Mortgage Pass-Through Certificates, Series 2006-AR13 Under the Pooling and
Servicing Agreement dated May 1, 2006."

On May 6, 2010, the state district court entered an order denying the Millers' motion.  In this order, the court determined that Deutsche Bank had made a sufficient showing that it was an "interested person" entitled to an OAS. . . .

The state court . . . reached its conclusions based on its review of a copy of the Note, which had been indorsed in blank.  There is no evidence that the state court was presented with the original Note before it authorized the sale.  A few days later, the Millers again moved for a hearing on the jurisdictional issue.  The state court summarily denied their motion.  It later entered an OAS and an additional summary order finding that Deutsche Bank had established jurisdiction in its pleadings and that the Millers had "not specified a legal reason why jurisdiction has not been established." . . .

**2.  Proceedings in Bankruptcy Court**
The Millers filed their Chapter 13 bankruptcy petition on June 22, 2010.  On October 7, 2010, Deutsche Bank filed its motion for relief from stay.  In its motion, Deutsche Bank recited that it was the current owner of the Note and Deed of Trust.  A copy of the Note, indorsed in blank, was attached to the motion.

The Millers responded [in part by] lodg[ing] an objection to the motion for relief from stay.  In their objection, the Millers asserted that Deutsche Bank was not the proper party in interest and lacked standing to bring the motion.  Specifically, they complained that Deutsche Bank had not produced the original Note or proved that it was in possession of the Note.

On November 3, 2010, the bankruptcy court held a hearing on the motion for relief from stay.  During the hearing, counsel for Deutsche Bank proffered a copy of the Note indorsed in blank by IndyMac, along with a copy of the Deed of Trust.  The bankruptcy judge asked counsel "where is the original of the note right now?" . . . Counsel responded, "The original of the note has been requested, and it should be on the way to our firm here shortly.  I can present that at any evidentiary hearing." . . .

Apparently, no further evidentiary hearing was held on the issue of Deutsche Bank's possession of the Note.  Instead, the bankruptcy court made findings from the bench at the close of the hearing on the motion for relief from stay.  The court observed that it had a copy of the Note and that "I have representation of counsel that the original is on its way." . . . After noting the state court's findings that Deutsche Bank had standing to proceed under Colorado Rule of Civil Procedure 120, the bankruptcy court found that "sufficient grounds exist for the lifting of the automatic stay" and that relief from stay was appropriate.

*In re Miller*, 666 F.3d 1255, 1258-59 (10th Cir. 2012) (internal citations omitted).

The Tenth Circuit held that the *Rooker-Feldman* doctrine does not prevent defendants who lose in a Rule 120 proceeding from seeking subsequent relief in federal court on the basis that the opposing party lacked standing to pursue a nonjudicial foreclosure. *Id*. It further held that an OAS issued pursuant to a Rule 120 proceeding is not a final judgment and thus does not have preclusive effect under the doctrines of res judicata or collateral estoppel. *Id*. The Tenth Circuit found that Deutsche Bank had failed to establish that it was a "party in interest" entitled to seek relief from the stay under 11 U.S.C. § 362(d) because it had produced no evidence that it was ever in possession of the original promissory note or that its attorneys had executed a statement of qualified holder pursuant to Colo. Rev. Stat. § 38-38-101(2). *Id*. at 1262-65. Accordingly, the Tenth Circuit remanded the case for further proceedings in accordance with the Tenth Circuit's opinion. *Id*. at 1265.

On October 5, 2012, the bankruptcy court held an evidentiary hearing to determine in part whether Deutsche Bank had standing to seek relief from the automatic stay. Docket No. 8-3 at 25. On December 4, 2012, the bankruptcy court granted Deutsche Bank relief from the stay. Docket No. 8-2 at 220-75. This appeal followed on December 17, 2012.

## II. STANDARD OF REVIEW

A party may appeal the "final judgments, orders, and decrees" of a bankruptcy court to either the district court or a bankruptcy appellate panel. 28 U.S.C. § 158(a), (c)(1). A district court reviews the Bankruptcy Court's legal conclusions de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion. *In*

*re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010); *Busch v. Anderson (In re Busch)*, 294 B.R. 137, 140 (10th Cir. BAP 2003) (lifting of automatic stay); *Brasher v. Turner (In re Turner)*, 266 B.R. 491, 494 (10th Cir. BAP 2001) (excluding an exhibit); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (entering default judgment).

## III. DISCUSSION

### A. Interlocutory Orders

Appellants challenge several orders issued by the bankruptcy court prior to its ruling on the motion for relief from stay, namely, the May 2, 2012 denial of appellant's Motion to Disqualify Attorney Susan Hendrick, Docket No. 8-1 at 43-48; the May 2, 2012 denial of appellants' motion to vacate the evidentiary hearing, Docket No. 8-1 at 49-52; and the July 18, 2012 order granting in part Deutsche Bank's motion for a protective order, Docket No. 8-2 at 28-63. Appellees argue that the appeal is untimely with respect to these orders, depriving the Court of jurisdiction over them. Docket No. 15 at 26-27. In support of this argument, appellees cite Federal Rule of Bankruptcy Procedure 8002(a), which provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."

A party may appeal as of right from the final order of a bankruptcy court to a district court. 28 U.S.C. § 158(a)(1). A party may appeal a bankruptcy court's interlocutory order only with leave of the district court. 28 U.S.C. § 158(a)(3). In the bankruptcy context, a court's order is final, as opposed to interlocutory, if it resolves "a particular proceeding or controversy within the entire bankruptcy proceeding" or

"irrevocably decides a dispositive issue of law or the rights of any party." *In re Leibinger-Roberts, Inc.*, 92 B.R. 570, 572 (E.D.N.Y. 1988) (citing *In re Chateaugay Corp.*, 80 B.R. 279, 282-83 (S.D.N.Y. 1987)).  An interlocutory order is one that "constitute[s] only a preliminary step in some phase of the bankruptcy proceeding" and does not "directly affect the disposition of the estate's assets." *Id*.  "[T]he easiest way to tell whether an order is sufficiently final in the bankruptcy context is whether it resolve a proceeding within the bankruptcy that would be a freestanding lawsuit if there were no bankruptcy action." *In re McKinney*, 610 F.3d 399, 402 (7th Cir. 2010).  The "general rule is that interlocutory orders merge into the final judgment of the case, and an appeal can be had from these interlocutory orders by timely filing a notice of appeal from the entry of that final judgment." *In re Rambo*, 209 B.R. 527, 529 (10th Cir. BAP 1997) (citing *Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1489 (10th Cir. 1995)).

In this case, the three orders listed above were interlocutory because they did not resolve a discrete dispute capable of standing on its own outside the bankruptcy context, but were instead preliminary steps in the phase of the bankruptcy proceeding dedicated to resolving Deutsche Bank's motion for stay relief.  *See In re Leibinger-Roberts, Inc.*, 92 B.R. at 572; *In re McKinney*, 610 F.3d at 402.  These orders were merged in the final order granting relief from the automatic stay and were timely appealed on December 17, 2012.  *See In re Rambo*, 209 B.R. at 529.  Accordingly, the Court will consider appellants' challenges to these orders on their merits.

### 1.  Motion to Disqualify Attorney Susan Hendrick

On April 25, 2012, appellants moved to disqualify attorney Susan Hendrick and

her law firm, Aronowitz & Mecklenburg, LLP ("Aronowitz"), on the grounds that (1) they are defendants in a related adversary proceeding brought by appellants, *see* No. 10-01757-MER; (2) they were expected to testify as witnesses in both the hearing on relief from the stay and the related adversary proceeding; and (3) they are "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1691, and thus barred from pursuing relief from the stay. Docket No. 8-1 at 43-44.

On May 2, 2012, the bankruptcy court denied appellants' motion on the basis that it was too soon to determine whether Ms. Hendrick would be a "necessary" witness, as defined by the Colorado Rules of Professional Conduct ("CRPC"), and that, in any event, the CRPC did not bar either Ms. Hendrick or her firm from serving as counsel in pretrial matters.[4] Docket No. 8-1 at 44-45; Colo. R. Prof. Conduct 3.7 ("Lawyer as Witness"). The bankruptcy court stated that appellants could depose Ms. Hendrick and other Aronowitz attorneys and, if the depositions indicated that opposing counsel's testimony was necessary, renew the motion to disqualify no more than fourteen days prior to the evidentiary hearing. Docket No. 8-1 at 46-48. The bankruptcy court further held that the FDCPA provision cited by appellants governs only the venue in which a debt collector may bring an action to enforce an interest in real property and does not bar debt collectors from seeking relief from the automatic stay. Docket No. 8-1 at 46-47; *see also* 15 U.S.C. § 1692i(a)(1) ("[I]n the case of an action to enforce an interest in real property securing the consumer's obligation, [a debt collector may] bring such

---

[4] The bankruptcy court applied the CRPC because such rules have been adopted as standards of professional responsibility by the District of Colorado. D.C.Colo.LCivR 83.4; *see* Docket No. 8-1 at 44.

action only in a judicial district or similar legal entity in which such real property is located").

At the time the bankruptcy court issued its order, the evidentiary hearing was set for July 26, 2010.  *See* No. 10-25453-MER, Docket No. 173.  On June 26, 2012, appellants submitted a witness list indicating their intention to call Ms. Hendrick as an adverse witness.  No. 10-25453-MER, Docket No. 194 at 1.  Deutsche Bank objected to appellants' intent to call Ms. Hendrick on the basis that (1) Ms. Hendrick lacked personal knowledge of Deutsche Bank's standing to foreclose; (2) her testimony was unnecessary to authenticate the loan documents; and (3) much of her testimony would be privileged.  No. 10-25453-MER, Docket No. 203.  The bankruptcy court sustained Deutsche Bank's objection.  No. 10-25453-MER, Docket No. 208 at 2 ("Debtors have failed to show how testimony from Ms. Hendrick is necessary, relevant or proper with respect to the Motion for Relief from Automatic Stay.").  Appellants did not renew their motion to disqualify Ms. Hendrick.  The hearing took place on October 5, 2012 and Ms. Hendrick did not testify.  Docket No. 8-3 at 25, 109.

Appellants argue that the bankruptcy court erred in permitting Ms. Hendrick to represent Deutsche Bank because she was a defendant in a related adversary proceeding.  Docket No. 13 at 36-37.  Appellants assert that "it was improper to allow any attorney from this firm . . . to appear due to potential conflicts of interest of counsel in these proceedings."  *Id*. at 37.

"[C]ourts have historically been highly cynical of motions to disqualify opposing counsel, noting that such motions are often dilatory or tactical devices."  *Fognani v. Young*, 115 P.3d 1268, 1272 (Colo. 2005).  A conflict of interest is traditionally a matter

of concern where an attorney's interest conflicts with that of her own client–not that of the opposing party. *See, e.g.*, Colo. R. Prof. Conduct 1.7 (Conflict of Interest: Current Clients) and 1.8 (Conflict of Interest: Current Clients: Specific Rules); *see also Mercantile Adjustment Bureau, LLC v. Flood*, 278 P.3d 348, 353 (Colo. 2012) (stating that rationale of general rule against non-clients raising issue of ethical violations "is to prevent the Rules of Professional Conduct from being used as a procedural weapon by opposing parties and thereby subverting the purpose of the rules, which is to protect clients").

Appellants do not demonstrate any error by the bankruptcy court.  First, appellants do not provide any explanation for failing to renew their motion to disqualify, as expressly allowed by the bankruptcy court, *see* Docket No. 8-1 at 47-48, and do not provide any support for the implication that the bankruptcy judge was required to disqualify opposing counsel sua sponte.  *See* Docket No. 13 at 37 ("In this case the bankruptcy judge was aware of the objection to the appearances of Susan Hendrick, potential conflicts, and it was an abuse of discretion to allow Ms. Hendrick to appear as counsel given the circumstances that she was named as a defendant in the adversary proceeding linked to this same issue.").  Second, the only substantive basis on which appellants challenge the bankruptcy court's order denying the motion to disqualify is that opposing counsel's status as defendants in the adversary proceeding was prejudicial to appellants.  *See* Docket No. 13 at 36-37.  Appellants do not, however, specify the nature of the "conflict of interest" with which they are concerned, nor do they argue that a conflict existed between Deutsche Bank and its counsel that detracted

from the fairness of the proceedings.  *See Mercantile Adjustment Bureau*, 278 P.3d at

353.  These assertions are insufficient to establish reversible error on the part of the

bankruptcy court.

### 2. *Motion to Vacate Evidentiary Hearing*

On November 3, 2010, the bankruptcy court held a hearing at which it granted

Deutsche Bank's motion for relief from stay.  *See* No. 10-25453-MER, Docket No. 85.

This decision prompted appellants' initial appeal to the Tenth Circuit, which reversed

the bankruptcy court's ruling on the basis that the evidence presented was insufficient

to establish Deutsche Bank's standing to seek such relief and remanded the case for

further proceedings.  *See In re Miller*, 666 F.3d at 1264-65.  On remand, the bankruptcy

court scheduled a second evidentiary hearing to determine whether Deutsche Bank's

evidence was sufficient under the standard articulated by the Tenth Circuit.  *See* Docket

No. 8-3 at 25.

On April 25, 2012, appellants filed a motion, pursuant to Federal Rule of Civil

Procedure 12(b)(6), to vacate the evidentiary hearing on the ground that it was barred

by res judicata.  Docket No. 8-1 at 32.  On May 2, 2012, the bankruptcy court denied

the motion, explaining that, in light of the Tenth Circuit's finding that the evidence was

"insufficient as it currently stands," a hearing was appropriate "to determine what, if any,

additional evidence needs to be or can be produced by Deutsche Bank, and, if

appropriate, by the Millers, to facilitate the correct resolution" of the motion for relief

from the stay.  Docket No. 8-1 at 51.

Appellants argue that the November 3, 2010 hearing constituted a final judgment

on the merits regarding the decision to grant relief from the stay.  Docket No. 13 at 28-29.  This argument is unavailing.  "There is no preclusion as to the matters vacated or reversed" by an appellate court.  18A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4432 (2d ed. 2013).  "Reversal and remand for further proceedings on the entire case defeats preclusion entirely until a new final judgment is entered by the trial court or the initial judgment is restored."  *Id.*; *see also Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1266 (10th Cir. 2002) ("A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel.") (quoting *Franklin Savings Ass'n v. Office of Thrift Supervision*, 35 F.3d 1466, 1469 (10th Cir. 1994).

The bankruptcy court's November 3, 2010 order granting relief from the stay was not a final judgment entitled to preclusive effect because it had been appealed, reversed, and remanded for further proceedings.  *See In re Miller*, 666 F.3d at 1265; *Wolfe*, 275 F.3d at 1266.  Thus, the bankruptcy court did not err in denying appellants' motion to vacate the evidentiary hearing.

### 3.  Protective Order

Appellants argue that the bankruptcy court erred in partially granting Deutsche Bank's Motion for Protective Order with Respect to Interrogatories, Docket No. 8-1 at 53, because Deutsche Bank did not comply with the local rule requiring parties to confer before filing nondispositive motions.  *See* Docket No. 13 at 34-35; Docket No. 8-2 at 28; D.C.Colo.LCivR 7.1 ("The court will not consider any motion . . . unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made

reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter.")

In its order, the bankruptcy court acknowledged Deutsche Bank's failure to confer, but concluded that this failure alone was not grounds for striking or denying the motion because conferring would be a "futile effort . . . . in light of the contentious history between these parties."   Docket No. 8-2 at 41.   The bankruptcy court found that "court intervention [was] necessary regarding this discovery dispute to avoid any delay and to further the interests of justice."   *Id*.

A court has discretion to consider a motion on its merits despite a party's failure to comply with Rule 7.1A.  *See Medcorp, Inc. v. Pinpoint Technologies, Inc.*, No. 08-cv-00867-MSK-KLM, 2008 WL 5226387, at *1 (D. Colo. Dec. 12, 2008); *Cunningham v. Std. Fire Ins. Co.*, No. 07-cv-02538-REB-KLM, 2008 WL 2247860, at *1 (D. Colo. May 29, 2008); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (district courts are empowered to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases").   "A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling."   *Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 709 (10th Cir. 2005) (internal citations omitted).

Appellants state that "[t]he granting of this protective order demonstrates extreme prejudice," Docket No. 13 at 35, but do not offer any legal or factual basis for this assertion.   In light of the contentious nature of this case, the Court concludes that the decision to consider the motion for a protective order on its merits was a reasoned

exercise of the bankruptcy court's discretion to manage litigation in order to achieve an

"orderly and expeditious disposition."  *See Chambers*, 501 U.S. at 43.  Moreover,

appellants do not challenge the bankruptcy court's order on substantive grounds.[5]  *See*

Docket No. 13 at 34-35.  Thus, there is no basis for finding the bankruptcy court erred

in partially granting Deutsche Bank's motion for a protective order.

## B.  Motion for Summary Judgment

Appellants assert that the bankruptcy court erred in denying their motion for

summary judgment because the bankruptcy court's order did not specify the factual

issues in dispute and because Deutsche Bank did not produce the original loan

documents during discovery.  Docket No. 13 at 30-31.

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  Only disputes over

material facts can create a genuine issue for trial and preclude summary judgment.

*Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  A fact is

"material" if, under the relevant substantive law, it is essential to proper disposition of

the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  An

---

[5] Appellants' vague assertions that the motion for a protective order contained "totally erroneous" facts and that the "arguments brought by Deutsche were foreclosed and objected to," Docket No. 13 at 35, are insufficient to raise an issue on appeal.  *See Hermansen v. State of Utah*, 1998 WL 166066, at *1 (10th Cir. Apr. 10, 1998) ("Perfunctory complaints which fail to frame and develop an issue are insufficient to invoke appellate review.").

issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The Court reviews the denial of a motion for summary judgment de novo, applying the same legal standard as the bankruptcy court applied. *See Bowling v. Rector*, 584 F.3d 956, 963 (10th Cir. 2009).

On November 7, 2010, Deutsche Bank filed its first motion for relief from stay, which contained a photocopy of appellants' original promissory note and deed of trust. No. 10-25453-MER, Docket No. 64 at 8-26. In April 2012, appellants received a letter from opposing counsel inviting them to schedule an appointment during business hours to view the original loan documents in person at counsel's offices. Docket No. 8-3 at 33, ll.8-16 and 38, ll.3-23. Appellants did not contact opposing counsel to schedule an appointment to view the documents. Docket No. 8-3 at 38, ll.3-23.

On September 6, 2012, appellants filed a motion for summary judgment on the grounds that Deutsche Bank had failed to raise a genuine factual dispute regarding its standing to seek relief from the automatic stay because (1) it could not establish that it was a "holder in due course" of the note or a "party in interest" pursuant to 11 U.S.C. § 263(d); (2) there was no evidence of a valid assignment of the note; (3) the conveyance to Deutsche Bank did not comply with Colorado law; and (4) Mortgage Electronic Registration System, which is listed as the beneficiary on appellants' deed of trust, *see* Docket No. 8-2 at 249, lacked authority to transfer the note to Deutsche Bank. Docket No. 8-2 at 106-07. At the start of the October 5, 2012 evidentiary hearing, the bankruptcy court denied the motion for summary judgment, explaining that genuine issues of material fact remained as to standing and that the purpose of the evidentiary

14

hearing was to place all of the relevant evidence before the court so it could make a final determination on standing.  Docket No. 8-3 at 28, ll.11-14 ("[T]he motion for summary judgment is denied.  We'll take all the evidence we need to, and then I can have everything I need in front of me to make the standing issue ruling.").

With respect to appellants' argument that the bankruptcy court erred because it did not identify the nature of the factual disputes precluding summary judgment, appellants mischaracterize the bankruptcy court's ruling.  *See* Docket No. 13 at 30-31. At the hearing, the bankruptcy judge explained that "[t]he issue in questioning the authenticity of the note" was "a classic fact issue" precluding summary judgment. Docket No. 8-3 at 28, ll.1-3.  *See also* Docket No. 8-3 at 33, l.25 to 34, l.4 ("Sir, you were representing the three grounds that you had for challenging the authenticity of the exhibits.  The first was that you didn't believe it was the original, and there was evidence of it being tampered with . . . . Would you please explain to the Court the basis for that belief?").

The bankruptcy judge proceeded to take evidence pertaining to the authenticity of the note, including (1) Mr. Miller's testimony that the signatures on the note were printed by a machine and not written by hand, Docket No. 8-3 at 34, ll.12-23 and 40, ll.3-4; (2) Mr. Miller's testimony that the endorsement on the note had been altered, Docket No. 8-3 at 39, ll.18-20; (3) Mr. Miller's testimony that the note had been altered by stamping a loan number at the top, Docket No. 8-3 at 39, l.22 to 40, l.1; (4) Mr. Miller's testimony that Deutsche Bank did not provide appellants a true and correct copy of the original note prior to the hearing, Docket No. 8-3 at 40, l.17 to 42, l.13; (5) Mr. Miller's testimony regarding his recollection of purchasing the property at issue, Docket

15

No. 8-3 at 43, l.4 to 49, l.23; (6) Mrs. Miller's testimony regarding the appearance of her signature on the document, Docket No. 8-3 at 55, l.17 to 56, l.7; (7) Mrs. Miller's testimony regarding her recollection of purchasing the property at issue, Docket No. 8-3 at 60, ll.5-25; and (8) testimony from Barbara Campbell, a Vice President of Deutsche Bank's Mortgage-Backed Securities Division, regarding the apparent authenticity of the note.   Docket No. 8-3 at 63, l.20 to 72, l.7.   The issue of the note's authenticity was clearly disputed.   Thus, appellants' argument that the bankruptcy judge did not sufficiently set forth the specific facts in dispute is unavailing.

With respect to appellants' argument that Deutsche Bank's evidence was insufficient to survive summary judgment because, "[d]uring discovery, Deutsche produced a 'reduced' copy of a promissory note,"[6] Docket No. 13 at 30, appellants misapprehend Deutsche Bank's burden of production.   First, Deutsche Bank was not required to give appellants possession of the original loan documents in advance of the hearing.   *See Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 619-20 (D. Kan. 2005) ("[c]ourts have held that under Rule 34 [of the Federal Rules of Civil Procedure], a responding party need only make requested documents *available* for inspection and copying").   Copies of the original loan documents, coupled with an open invitation to view the documents at the office of opposing counsel for the six months preceding the hearing, *see* Docket No. 8-3 at 33, ll.8-16 and 38, ll.3-23, were sufficient evidence for appellee to raise a genuine dispute of material fact regarding its possession of the original note.   *See id.*

---

[6] As the term is used by the parties, a "reduced" copy is a copy whose pages are reduced in size as compared to the original.

Second, there is no basis for concluding that the copies that Deutsche produced were inadmissible or otherwise insufficient on summary judgment.  Under the Federal Rules of Evidence, a "duplicate"–defined as a "counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original"–is admissible "to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."  Fed. R. Evid. 1001(e), 1003.  Although appellants assert that the copies they received in advance of the hearing were not "true and correct," the only difference they identify between the original loan documents and the copies is that the copies are reduced in size.  Docket No. 13 at 30.  This superficial discrepancy did not render the copies inadmissible.  *See* Fed. R. Evid. 1003; *Kassel v. United States*, 319 F. App'x 558, 561 (9th Cir. 2009) (holding that duplicates were admissible where party "offered only an unsupported assertion of disbelief as to the authenticity of the documents and offered nothing that would create a belief they were not identical to the originals").

In sum, the bankruptcy court did not err in finding that Deutsche Bank raised a genuine dispute of fact regarding the material issue of whether it was in possession of the original note.

## C.  Relief from the Automatic Stay

Appellants challenge the bankruptcy court's December 4, 2012 order granting Deutsche Bank relief from the automatic stay on the grounds that (1) the bankruptcy court abused its discretion in admitting the original promissory note offered into

evidence by Deutsche Bank;[7] (2) Deutsche Bank lacks standing to foreclose because it did not file an affidavit in the public land records; and (3) the bankruptcy court exceeded its jurisdiction in "award[ing] possession and control over the property in its final order" to Deutsche Bank.  Docket No. 13 at 22-27.

### 1.  Self-Authenticating Evidence

Appellants assert that the bankruptcy court erred in admitting the promissory note into evidence because they disputed its authenticity at the evidentiary hearing and it was not self-authenticating.  Docket No. 13 at 32.  They further argue that the testimony of Deutsche Bank employee Barbara Campbell was insufficient to authenticate the note.  Docket No. 13 at 32-33.

Appellants mistake the legal standard governing the admission of a self-authenticating document into evidence.  Deutsche Bank was not required to present a witness to authenticate the note.  *See* Fed. R. Evid. 1003.  Rather, the note was admissible as a self-authenticating document without the need for further evidence in support of its authenticity.  Under the Federal Rules of Evidence, signed commercial paper is "self-authenticating," meaning that it "require[s] no extrinsic evidence of authenticity in order to be admitted."  Fed. R. Evid. 902(9).  A signed promissory note falls into this category of evidence.  *See In re Cook*, 457 F.3d 561, 566 (6th Cir. 2006) ("the promissory note is self-authenticating evidence pursuant to Rule 902"); *United States v. Varner*, 13 F.3d 1503, 1508-09 (11th Cir. 1994).  A self-authenticating

---

[7]Contrary to appellants' assertions, the bankruptcy judge inspected the allegedly original loan documents at the evidentiary hearing, but Deutsche Bank did not move to admit them into evidence.  *See* Docket No. 8-2 at 234.

document is admissible regardless of challenges to its authenticity lodged by the opposing party. *United States v. Bisbee*, 245 F.3d 1001, 1006-07 (8th Cir. 2001); 31 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure Evid. § 7134 (1st ed. 2004) ("If an item is self-authenticating under Rule 902, the authenticity of that item is established for purposes of deciding admissibility even though the opponent has evidence disputing authenticity.").

At the October 5, 2012 evidentiary hearing, appellants argued that the purportedly original promissory note had been altered on the basis that (1) it bore endorsements in multiple colors of ink; (2) a loan number had been stamped at the top of each page; and (3) there were no pen depressions in appellants' signatures. Docket No. 8-3 at 39, l.15-40, l.4. On the stand, Mr. Miller did not confirm or deny whether he had executed a promissory note on April 20, 2006 in favor of IndyMac Bank FSB. *Id*. at 43, ll.4-8. He testified that he could not say whether the signature on the original note was his, but that it did not "appear to be." *Id*. at 43, ll.18-25 and 52, ll.14-17. He testified that he did take out a loan in 2006, but that he did not recall signing a promissory note. *Id*. at 49, ll.2-11. Ms. Miller testified that (1) the initials on the note were not her own; (2) she believed the signatures on the note had been altered because there were no pen indentations on the page; and (3) she did not recall when appellants purchased the property at issue, how they paid for it, whether they attended a closing, or whether they had made any mortgage payments on the property. *Id*. at 55, l.16-56, l.9; 57, ll.7-19; 60, l.5-62, l.1. The bankruptcy court found that appellants were not credible insofar as they stated they were unable to recall the key events related to obtaining a mortgage. Docket No. 8-3 at 75, ll.7-19. The court concluded that the

promissory note and deed of trust would be considered authentic for the purpose of the hearing.  Docket No. 8-3 at 76, ll.12-15.

Furthermore, contrary to appellants' assertions, the List of Witnesses and Exhibits that Deutsche Bank submitted on June 26, 2012 includes the "Original Note" and the "Original Deed of Trust" as exhibits 1 and 2.  *See* No. 10-25453-MER, Docket No. 193 at 3.  Thus, appellants' assertion that "Deutsche Bank came forward with new evidence . . . that was not actually submitted on the witness list," Docket No. 13 at 22, is unsubstantiated.

### 2.  *Affidavit*

Appellants argue that Deutsche Bank lacked standing to foreclose and, therefore, to seek relief from the automatic stay because it did not "fil[e] an affidavit in the public land records pursuant to [Uniform Commercial Code ("UCC")] 4-9-607."  Docket No. 13 at 23.

Section 4-9-607(b) of the UCC, as adopted by the State of Colorado, provides that, "[i]f necessary to enable a secured party to exercise . . . the right of a debtor to enforce a mortgage nonjudicially, the secured party may record in the office in which a record of the mortgage is recorded . . . the secured party's sworn affidavit" stating that the mortgagee has defaulted and the secured party is entitled to enforce the mortgage nonjudicially.  In Colorado, nonjudicial foreclosure is available to an individual or entity in possession of a negotiable instrument, evidencing a debt, that has been endorsed in blank.  Colo. Rev. Stat. §§ 38-38-100.3(10)(c), 38-38-101(1)(a)-(b); *see McDonald v. OneWest Bank, F.S.B.*, 680 F.3d 1264, 1266 (10th Cir. 2012).

The cited UCC provision states that a secured creditor "may" record an affidavit

20

where "necessary" to enforce its interest.  Colo. Rev. Stat. § 4-9-607(b).  As Colorado law accords a party standing to seek a nonjudicial foreclosure based on its possession of an evidence of debt, it was not necessary for Deutsche Bank to file an affidavit in order to establish its right to enforce its security interest in appellants' property and it was under no obligation to do so.  *See* Colo. Rev. Stat. § 38-38-101(1).  Thus, this argument is unavailing.

### 3. *Judgment*

Appellants assert that "the bankruptcy judge acted without colorable legal authority in this case when it awarded possession and control over the property in its final order which basically results in a state court eviction of the appellants."  Docket No. 13 at 24.  They further argue that the bankruptcy court's judgment was not supported by findings of fact or conclusions of law.  *Id*. at 25.

On December 4, 2012, the bankruptcy court issued both its order on Deutsche Bank's motion for relief from the automatic stay, Docket No. 8-2 at 220-46, and a judgment on the motion, which states:

> Pursuant to and in accordance with the Order entered by the Honorable Michael E. Romero, United States Bankruptcy Judge, on December 4, 2012,
>
> **IT IS ORDERED AND ADJUDGED** as follows:
>
> Relief from stay is GRANTED to the Movant to proceed to foreclose on and/or take possession and control of the property described in the Order dated December 4, 2012.

Docket No. 8-2 at 247 (emphasis in original).

The Court finds no error.  First, the bankruptcy court's judgment is supported by

the findings of fact and conclusions of law contained in the referenced order.  *See*

Docket No. 8-2 at 221-41.  Second, the final judgment does not award possession and

control of appellants' property to Deutsche Bank.  Rather, it permits Deutsche Bank to

"proceed" to exercise such rights as it may have under state law with respect to

appellants' property.[8]

In sum, appellants have failed to show that the bankruptcy court erred in granting

Deutsche Bank relief from the automatic stay.

## IV.  CONCLUSION

On April 5, 2013, appellants filed a Motion to Strike in Accordance with Rule

12(F) (Fed. R. Civ. P.) [Docket No. 21].  In deciding this appeal, the Court has not

considered the evidence that appellants move to strike.  Wherefore, it is

**ORDERED** that the December 4, 2012 Order and Judgment of the United States

Bankruptcy Court [Docket No. 8-2 at 220, 247] are AFFIRMED.  It is further

**ORDERED** that the Motion to Strike in Accordance with Rule 12(F) (Fed. R. Civ.

P.) [Docket No. 21] filed by plaintiffs/appellants Mark S. Miller and Jamileh Miller is

DENIED as moot.  It is further

---

[8] The bankruptcy court's language reflects the fact that the District Court for
Arapahoe County, Colorado issued an OAS to Deutsche Bank in May 2010 and that
relief from the stay will permit Deutsche Bank to proceed with a sale.  *See In re Miller*,
666 F.3d at 1258-59.

**ORDERED** that this case is DISMISSED.


DATED September 4, 2013.

                              BY THE COURT:


                               s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge