IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03279-PAB

IN RE

MARK S. MILLER and
JAMILEH MILLER,

    Plaintiffs/Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY and
SALLY J. ZEMAN, Trustee,

    Defendants/Appellees.

---

# ORDER

---

This matter is before the Court on the Motion for New Trial Under Rule 59 (Reopening Evidence), Rule 50(b) or Alternatively, Motion to Set-Aside Judgment Pursuant to Rule 60(B) for Fraud, Mistake, or Inadvertence [Docket No. 32] and the Objection to Late Response Filed by Deutshe [sic] Bank National Trust Company on October 15, 2013, and October 16, 2013 (With Motion to Strike) [Docket No. 40] filed by appellants Mark S. and Jamileh Miller.  Appellants request that the Court reconsider its September 4, 2013 Order [Docket No. 29] affirming the May 2, 2012 Order of the United States Bankruptcy Court for the District of Colorado (the "bankruptcy court"). The facts of the case are set forth in the Court's September 4, 2013 Order and will not be recited here.

## I. STANDARD OF REVIEW

Appellants move for relief under Federal Rules of Civil Procedure 50(b), 59, and 60(b). However, bankruptcy proceedings are governed by the Federal Rules of Bankruptcy Procedure. Accordingly, the Court construes this motion as a motion for rehearing. Fed. R. Bankr. P. 8015; *see In re Wiston XXIV Ltd. P'ship*, 172 B.R. 647, 650 n.2 (D. Kan. 1994). "'Bankruptcy Rule 8015 is silent as to the appropriate standard for granting relief. However, because Rule 8015 was derived from Fed. R. App. P. 40, it is appropriate to look to the appellate rule for guidance.'" *BCORP-HRT, LLC v. Lobb*, 66 F. App'x 164, 167 (10th Cir. 2003) (quoting *Olson v. United States*, 162 B.R. 831, 834 (D. Neb. 1993)).

"Petitions for rehearing under Fed. R. App. P. 40(a) are permitted to enable parties to notify, and to correct, errors of fact or law on the issues already presented; they are not meant to permit parties to assert new grounds for relief." *Id.* (internal citations omitted). "'The purpose of a petition for rehearing . . . is to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result.'" *Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 985, 990 (8th Cir. 2010) (quoting *NLRB v. Brown & Root, Inc.*, 206 F.2d 73, 74 (8th Cir. 1953)).

## II. ANALYSIS

Appellants argue that, because appellee Deutsche Bank National Trust Company ("Deutsche Bank") did not move to admit appellants' original Promissory Note (the "Note") into evidence at the October 5, 2012 evidentiary hearing, the record does

not contain sufficient evidence to support the bankruptcy court's grant of relief from the automatic stay.  Docket No. 32 at 5.  Appellants further argue that new evidence of Deutsche Bank's misconduct has emerged that is relevant to this case.  *Id*. at 8.  In addition, appellants reassert their arguments that the Note produced by Deutsche Bank was not self-authenticating and that the duplicate of the Note was inadmissible.[1]  *Id*. at 11-12.

As a preliminary matter, the Court notes that the argument regarding the failure to admit the Note into evidence is new and thus not properly raised on a motion for rehearing.  See *BCORP-HRT*, 66 F. App'x at 167; *see also* Appellants' Opening Brief [Docket No. 13] at 4-5.  It is therefore rejected on that basis.  However, the Court addresses the merits of this argument below insofar as it is intertwined with appellants' other objections.

### A.  Self-Authenticating Evidence

Appellants argue that the original Note was not self-authenticating because, at the evidentiary hearing, they asserted objections to its authenticity.  Docket No. 32 at 17.  They further argue that the Court's September 4, 2013 Order did not fully consider appellants' objections to the Note.  Docket No. 32 at 4.  The argument that the Court overlooked or misconstrued a legal argument is properly raised on a motion for rehearing.  See *Yankton Sioux Tribe*, 606 F.3d at 990.

As the bankruptcy court explained, *see* Docket No. 8-2 at 237-38, the Note is

---

[1]Appellants also appear to advance an argument regarding res judicata, but the basis for this argument is not clear from the motion.  Docket No. 32 at 11.  The Court addressed the issue of res judicata in its September 4, 2013 Order.  *See* Docket No. 29 at 10-11.

self-authenticating under Federal Rule of Evidence 902(9) because it is signed commercial paper.  Under Rule 902, such evidence is automatically admissible in the absence of a challenge to its authenticity.  *United States v. Bisbee*, 245 F.3d 1001, 1006 (8th Cir. 2001).  However, "if the opponent does offer evidence contesting admissibility and that evidence would be sufficient to convince a reasonable person that the item was not genuine, the opponent meets its burden of production" and the burden shifts to the proponent of the evidence to demonstrate its authenticity.  Charles Alan Wright, et al., 31 Fed. Prac. & Proc. Evid. § 7134 (1st ed.).

Appellants challenged the authenticity of the original Note at the evidentiary hearing on the grounds that (1) it had been altered by the addition of a loan number stamped on each page; (2) it bore endorsements in several colors of ink; and (3) there were no pen depressions in appellants' signatures.  Docket No. 32 at 13.  The only evidence appellants advanced in support of these arguments was their own testimony.  Docket No. 8-2 at 235.  The bankruptcy court found that this testimony was "evasive, unconvincing and entirely lacking credibility," Docket No. 8-2 at 236, and thus insufficient to "convince a reasonable person that the [Note] was not genuine."  *See* 31 Fed. Prac. & Proc. Evid. § 7134.  In their motion for rehearing, appellants restate their arguments relating to authenticity, but do not demonstrate that the bankruptcy court's factual finding was clearly erroneous.  *See In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010).

Accordingly, the bankruptcy court's findings regarding the Note do not provide a basis for rehearing.  *See* Fed. R. App. P. 40.

### B.  Admission of Duplicates

Appellants argue that the bankruptcy court erred in admitting into evidence a copy of the Note and that the Court misapplied the Federal Rules of Evidence in affirming the bankruptcy court's ruling.  Docket No. 32 at 12.  This objection to the Court's legal conclusions is properly raised on a motion for rehearing.  *Yankton Sioux Tribe*, 606 F.3d at 990.

Under Federal Rule of Evidence 1003, a "duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."  A "duplicate" is a "counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original."  Fed. R. Evid. 1001(e).  Because the "purpose of Fed. R. Evid. 1003 is to give duplicates almost the same evidentiary status as originals," a party challenging admission of a duplicate must offer "cogent and compelling evidence, of the sort that would require any reasonable person to find that the so-called original is not authentic."  Christopher B. Mueller & Laird C. Kirkpatrick, 5 Fed. Evid. § 10:24 (3d ed.).

Appellants argue that the copy of the Note was inadmissible because they raised genuine questions about the authenticity of the original Note and because the copy differed from the original in several respects, namely, the size of the two documents, the presence of a stamped loan number on the original, and the presence of endorsements on the original.  Docket No. 32 at 12.

These arguments are unavailing.  As explained above, the bankruptcy court found that appellants did not raise genuine questions regarding the authenticity of the

original Note. Docket No. 8-2 at 235-36. The bankruptcy judge compared the contents of the original Note to those of the copy and found that the documents were substantively identical, differing only insofar as the copy was reduced in size. Docket No. 8-2 at 238. The superficial differences that appellants identify between the original Note and the copy do not undermine the fact that the copy was created by photocopy, a "technique that accurately reproduces the original." *See* Fed. R. Evid. 1001(e). Accordingly, the identified differences may affect the weight accorded the copy by the trier of fact but do not alter its admissibility. *See Metallurgical Indus. Inc. v. Fourtek, Inc.*, 790 F.2d 1195, 1207 (5th Cir. 1986) ("While these markings might distinguish the copies from the original document, the alteration seems of a most trivial kind. The record therefore reveals no genuine issue as to the authenticity of the copies' contents; no suggestion of unfairness arises, moreover, by admitting the copies into evidence.") (citing *Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 928 (8th Cir. 1984)). Given that appellants do not offer evidence to suggest that the substantive content of the original Note differed in any meaningful way from the copy, or that Deutsche Bank behaved inequitably in offering the copy into evidence, they have not shown circumstances that would render it unfair to admit the copy. *See* Fed. R. Evid. 1003.

Furthermore, since the copy of the Note was admitted on the basis that it accurately reproduced the original, it provided a sufficient evidentiary basis for the bankruptcy court's ruling. *See In re Macmillan, Inc.*, 186 B.R. 35, 47 (Bankr. S.D.N.Y. 1995) ("Rule 1003 allows a duplicate to be used in the same manner as an original").

### C. New Evidence

Appellants argue that an August 2013 article in The Denver Post newspaper constitutes new evidence bearing on whether appellee's attorney, Susan Hendrick, committed fraud in these proceedings. Docket No. 32 at 8; *see* David Migoya, *Colorado foreclosure firm on hot seat*, The Denver Post, Aug. 3, 2013 [Docket No. 32 at 46-48]. The contention that the material facts of the case have changed may be considered on a motion for rehearing. *See In re Winders*, 202 B.R. 512, 517 (D. Kan. 1996) ("Motions to reconsider [under Rule 8015] should be granted where . . . there is a controlling or significant change in the law or facts since the submission of the issue to the Court.") (internal citation omitted).

The article states that the law firm Aronowitz & Mecklenburg, which represents appellee in this case, "allegedly padded attorney expenses, pocketed refunds due its clients and made millions of dollars by running side companies affiliated with its foreclosure work and overcharging for it." Docket No. 32 at 46. The article identifies Ms. Hendrick as a whistle blower. *Id*. It further states that "[a]ttorneys at the firm were encouraged 'to bill the client for more time than was actually spent' on foreclosure cases that homeowners contested in court," that "the law firm told [Ms. Hendrick] how it improperly charged for title commitments during the foreclosure process," and that "the company doesn't refund client money that's advanced to county sheriffs for eviction costs." Docket No. 32 at 48-49.

The article does not provide a basis for granting appellants' motion. First, it does not constitute evidence of misconduct in this particular case. The only misconduct

discussed in the article is charging excessive rates for foreclosure work.  The misconduct alleged by appellants is different.  Appellants allege that Ms. Hendrick committed fraud by misrepresenting Deutsche Bank's legal rights with respect to appellants' home.  Docket No. 32 at 8; Docket No. 13 at 36-37 ("It may be presumed in this case that Susan Hendrick was ultimately responsible for submitting [the Note], not in Deutsche's Behalf, but in her own interest!").  The allegedly improper billing practices of Aronowitz & Mecklenburg, as set forth in the article, do not bear on the likelihood that Ms. Hendrick submitted fraudulent documents to the bankruptcy court on behalf of Deutsche Bank or in her own interest in this case.

Second, the article is an unsworn out-of-court statement and thus is of no evidentiary value in this proceeding.  *See New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650 (10th Cir. 1989) ("[t]he fact that the statement was in the form of a newspaper account reinforces its hearsay character"); *Mason v. Stock*, 955 F. Supp. 1293, 1312 (D. Kan. 1997) ("newspaper articles and other unsworn documents [] have no evidentiary value").

Thus, the article does not provide a basis for granting appellants' motion for rehearing.

### D.  Motion to Strike

Appellants move to strike Deutsche Bank's Response to Motion for New Trial or, Alternatively, Motion to Set Aside Judgment [Docket No. 38] on the basis that it was filed out of time without leave of the Court.  Docket No. 40.

Under the bankruptcy rules, "[a]ny party may file a response in opposition to a motion . . . within seven days after service of the motion, but the district court or the

bankruptcy appellate panel may shorten or extend the time for responding to any motion." Fed. R. Bankr. P. 8011(a).

Appellants filed their motion for rehearing on September 20, 2013. Docket No. 32. Deutsche Bank filed its response on October 15, 2013, more than seven days after service of appellants' motion. Docket No. 37; *see* Docket No. 32 at 20 (Proof of Service indicating motion was served via first class mail on September 17, 2013). Deutsche Bank refiled its response on October 16, 2013, by Order of the Court so that a signature could be added. Docket Nos. 37 and 38. Deutsche Bank did not request leave to file out of time, nor did the Court extend the deadline for responding. Accordingly, Deutsche Bank's response was not filed timely under the applicable rule. However, since the Court did not rely on this response in ruling on appellants' motion, striking it would have no tangible effect on this case. Appellants' motion to strike is denied as moot.

## III. CONCLUSION

Appellants have not shown "errors of fact or law on the issues already presented" as required to secure relief under Fed. R. Bankr. P. 8015. *See BCORP-HRT*, 66 F. App'x at 167. For the foregoing reasons, it is

**ORDERED** that the Motion for New Trial Under Rule 59 (Reopening Evidence), Rule 50(b) or Alternatively, Motion to Set-Aside Judgment Pursuant to Rule 60(B) for Fraud, Mistake, or Inadvertence [Docket No. 32] filed by appellants Mark S. and Jamileh Miller is DENIED. It is further

**ORDERED** that the Objection to Late Response Filed by Deutshe [sic] Bank

National Trust Company on October 15, 2013, and October 16, 2013 (With Motion to Strike) [Docket No. 40] filed by appellants Mark S. and Jamileh Miller is DENIED as moot.

      DATED November 13, 2013.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge